ployment as a test driver for a tire testing experiment.

We cannot agree that the cross-examination was error calling for reversal or that it raised an inference that appellant on other occasions drove an automobile while he was intoxicated.

The evidence sustains the conviction and no reversible error appears.

The judgment is affirmed.

**J. C. LEVI, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 31754.

Court of Criminal Appeals of Texas.

April 6, 1960.

No attorney for appellant of record on appeal.

Dan Walton, Dist. Atty., Carl E. F. Dally, Jack J. Rawitscher, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is robbery by assault; the punishment, 12 years.

The indictment alleged that appellant made an assault upon Thaddeus Madison and took from her two rings, one purse and $6 in money.

Thaddeus Madison, a married woman, testified that she was employed at a beauty shop as Beautician; that on Monday December 22, 1958, between 7:30 and 8 o'clock P.M. she saw appellant standing in the door of the beauty shop with a gun in his hand and a clear plastic that resembled a lady's rain cap over his face; that appellant said "This is a hold-up"; that she asked him if he wanted her money and he said "Yes. Hand it over and don't make a sound. If you do I'll kill you."

Mrs. Madison further testified that appellant kept the gun on her all of the time; that she took the money from her purse (more than $5) and laid the bills and change on the counter; that appellant told her to give him her purse, which contained her wedding bands and the shop key, and he took the purse and the bills; that appellant asked her customer Mrs. Rowe where her purse was and she said she didn't have one, and appellant said "Don't lie. I'll kill you."

Mrs. Madison testified that she saw appellant again the following morning in front of the beauty shop, and she was positive in her identification of him as the man who robbed her and the man on trial. She was unable to positively identify the rings exhibited to her at the trial, but said they were like hers including the size and the flaw in the engagement ring diamond.

Junior E. Spradley, a barber who knew appellant as a customer, identified him as being the man he saw just to the side of the front of the beauty shop at approximately 7:30 to 8 o'clock on the day of the robbery.

Appellant did not testify, but offered witnesses whose testimony caused the court to charge on the defense of alibi.

The jury resolved the issue against appellant and the evidence is sufficient to sustain their verdict.

No brief has been filed in appellant's behalf.

Newly discovered evidence was relied upon in appellant's amended motion for new trial. These allegations were not sustained by the evidence adduced at the hearing on said motion, nor does the record show that such amended motion for new trial was heard and determined by the court within 20 days after it was filed, as provided in Art. 755, Vernon's Ann.C.C.P.

The evidence sustains the conviction and we find no reversible error.

The judgment is affirmed.